Pamela ABSTON, Plaintiff,

v.

The FITNESS COMPANY, Defendant.

No. CIV.A.02–1460 (RMC).

United States District Court, District of Columbia.

March 19, 2003.

**144**

Douglas Tyrka, Washington, DC, for plaintiff.

Malcolm Sean Brisker, Thomas J.S. Waxter, III, Goodell, Devries, Leech & Dann, LLP, Thomas Scott Basham, Psoras & Psoras, Towson, MD, Roger B. Lawrence, Robert P. Worden, Jr., Matthew Rainis, Jeffrey Bard, Lawrence, Warden & Rainis, PC, Melville, NY, for defendant.

1. After the deadline had passed for The Fitness Company to serve its discovery responses, Mrs. Abston's counsel made the following contacts with The Fitness Company's counsel to obtain discovery information prior to filing her Motion to Compel:

- On October 2, 2002, counsel for Mrs. Abston left a phone message requesting the status of discovery.
- On October 8, 2002, counsel for Mrs. Abston sent a letter asking for the expected discovery response dates.

*MEMORANDUM OPINION*

COLLYER, District Judge.

Pending before the Court are Pamela Abston's Motion to Compel Discovery and for Sanctions and Expenses ("Motion to Compel") and her Motion to Treat as Conceded Plaintiff's Motion to Compel and for Sanctions and Expenses ("Motion to Treat as Conceded"). For the following reasons, the Court will grant these motions in part and deny them in part.

## I. BACKGROUND

Mrs. Abston has filed this lawsuit against The Fitness Company for wrongful death and survival after her husband, Derwin Abston, suffered a cardiac arrest and died while participating in a "spin" class at The Fitness Company's gym in Georgetown on January 21, 2002. Mrs. Abston alleges that, on the day in question, her husband collapsed and fell from a stationary bicycle he had been using during the class. She claims that neither the "spin" class instructor, Risa Klein, nor any other employee of The Fitness Company assisted Mr. Abston; instead, another student in the class took charge, ensuring that emergency personnel were called and performing rescue breathing and cardiopulmonary resuscitation ("CPR"). Mrs. Abston avers that The Fitness Company did not properly train its employees to handle medical emergencies and failed to keep an automated external defibrillator ("AED") on the premises.

On December 16, 2002, Mrs. Abston filed her Motion to Compel. At that time, The Fitness Company had served late responses to her Requests for Admissions and Requests for Documents and had not yet responded to her Interrogatories, despite numerous e-mail, telephone and mail requests by Mrs. Abston's counsel.[1] Pursuant to the

- On October 11, 2002, counsel for Mrs. Abston sent an e-mail asking for the expected discovery response dates.
- On October 18, 2002, counsel for Mrs. Abston sent an e-mail asking for the expected discovery response dates.
- On October 22, 2002, counsel for Mrs. Abston sent an e-mail asking for the expected discovery response dates, including a threat to call the Court.
- On October 29, 2002, counsel for Mrs. Abston sent a letter regarding the document

Scheduling Order issued on September 13, 2002, and the Federal Rules of Civil Procedure, The Fitness Company's discovery responses were due on September 26, 2002. The Fitness Company never requested an extension of time to respond. Instead, it simply served its responses to Mrs. Abston's Requests for Admissions on October 4, 2002, and its responses to her Requests for Documents on October 23, 2002, which it supplemented on January 6, 2003. Following Mrs. Abston's motion, The Fitness Company served its responses to Mrs. Abston's Interrogatories on December 20, 2002.

The Fitness Company failed to respond timely to Mrs. Abston's Motion to Compel. Under the Local Civil Rules, The Fitness Company's Opposition was due on December 27, 2002. Having received no response to her motion or even a motion for an extension of time to respond, Mrs. Abston filed her Motion to Treat as Conceded on January 7, 2003. The Fitness Company later filed its Opposition to both motions on January 27, 2003, even though its Opposition to the Motion to Treat as Conceded was due on January 20, 2003.

On February 7, 2003, the Court held a hearing on Mrs. Abston's two motions. Counsel for The Fitness Company offered *no* explanation for why it had failed to comply with the Scheduling Order, the Federal Rules of Civil Procedure and the Local Civil Rules. Even so, the Court refrained from entering a default judgment, which was Mrs. Abston's requested relief, in order to give The Fitness Company one final opportunity to play fair. The Court scheduled a status hearing for February 18, 2002, and ordered The Fitness Company to produce at that hearing all documents responsive to Mrs. Abston's Requests for Documents and amended and supplemented responses to her Interrogatories. Due to The Fitness Company's past discovery abuses, the Court deemed that it had waived all objections to Mrs. Abston's discovery requests. The Court further instructed The Fitness Company to consult with Mrs. Abston's counsel to determine what additional information it must provide—in light of counsel for Mrs. Abston's production response, to which The Fitness

October 29, 2002, letter—so that there would be no confusion by The Fitness Company about its obligations.

The Court held a status hearing on February 25, 2003, after the previously-scheduled hearing was canceled due to the President's Day snowstorm in the District of Columbia. At the hearing, The Fitness Company reported that it had produced additional responses on the day prior to the hearing. Counsel for Mrs. Abston informed the Court, however, that it was not satisfied with The Fitness Company's efforts, outlining numerous instances in which it believed that The Fitness Company had not adequately responded to Mrs. Abston's discovery requests. In particular, counsel for Mrs. Abston noted that The Fitness Company had failed to identify in its Interrogatory responses the existence of two of its employees, Adena Feczko and Albert Coleman, both of whom appear to have been present at the gym on the day that Mr. Abston died. The Fitness Company responded that, although not included in its Interrogatory responses, these employees were disclosed somewhere in its document production to Mrs. Abston. After hearing oral argument from both sides on this issue and others, the Court ordered counsel for Mrs. Abston to file a short memorandum summarizing her problems with The Fitness Company's now-supplemented discovery responses, and The Fitness Company was ordered to respond. The parties have filed their respective memoranda and the Court is now prepared to rule on Mrs. Abston's motions.

## II. ANALYSIS

■ Based on The Fitness Company's acknowledged discovery abuses and failure to respond timely to Mrs. Abston's motions, without explanation or excuse, the Court possesses broad authority to sanction The Fitness Company and remedy its considerable misconduct. This authority is derived from several sources, including Federal Rules of Civil Procedure 36 and 37, Local Civil Rule 7.1(b), and the Court's inherent power. The Fitness Company's failure to respond timely Company never responded.

to *any and all* of Mrs. Abston's discovery requests (i.e., her Requests for Admissions, Requests for Documents, and Interrogatories) violated the Scheduling Order and Federal Rules of Civil Procedure 34 and 36. Under Federal Rule of Civil Procedure 37(b), therefore, the Court is permitted to make any order that is "just," including "rendering a judgment by default against the disobedient party." Fed.R.Civ.P. 37(b)(2)(c). The Fitness Company's failure to amend and supplement adequately its responses to Mrs. Abston's Interrogatories, discussed below, violated the Court's Order of February 7, 2003, also subjecting The Fitness Company to the sanctions of Federal Rule of Civil Procedure 37(b). Finally, The Fitness Company's failure to respond timely to Mrs. Abston's Motion to Compel *and* her Motion to Treat as Conceded violated Local Civil Rule 7.1(b). Under that Local Civil Rule, the Court is permitted to treat both motions as conceded and grant Mrs. Abston's requested relief of default judgment. *See* Motion to Compel at 10.

The record demonstrates that The Fitness Company's misconduct was willful and made in bad faith, warranting a severe sanction from the Court. The Court can only conclude from The Fitness Company's repeated discovery abuses and unwillingness to interact professionally with Mrs. Abston that it sought to stonewall Mrs. Abston and deprive her of timely and complete information concerning her lawsuit, to which she was legally entitled. The Fitness Company's failure to identify Ms. Feczko and Mr. Coleman in its Interrogatory responses, discussed below, is particularly troubling and, in conjunction with its other misconduct, smacks of intentional concealment of discoverable information that may prove to be detrimental to its case. In lieu of entering default judgment against The Fitness Company, however, the Court will issue the sanctions set forth below. Each particular sanction addresses a specific discovery abuse by The Fitness Company, as well as The Fitness Company's general pattern of misconduct.

1. The Fitness Company failed to respond timely to Mrs. Abston's Requests for Admissions. Therefore, all of Mrs. Abston's Requests for Admissions are deemed admitted pursuant to Federal Rule of Civil Procedure 36. The Court will not entertain any defenses to these admissions.

2. The Fitness Company failed to respond adequately to Interrogatory No. 4, which stated, "Please identify each person having information relevant to the incidents alleged and contentions made in the Pleadings and state the subject matter of the information possessed by that person." The Fitness Company identified Ms. Klein, Matthew Romans, Kevin Scanlon, Nancy Estrella, Steve Saxton, Richard Hall, Amy Lerner, Rich Force, Gina Bucci, Dave Ruff, Elizabeth Walker, Michael Gonzalez, Ruth Kockler, Joe Ventresca, and Martha Gagni.

Mrs. Abston later discovered that Ms. Feczko and Mr. Coleman also have relevant information. Ms. Feczko was an employee of The Fitness Company and was present at the gym on January 21, 2002. In a verified statement submitted to the Court during the hearing on February 25, 2003, Ms. Feczko asserted that her superiors at The Fitness Company knew she was at the gym on the date of the alleged incident, having discussed the events of that day with her afterward. She also stated that Ms. Klein was not certified as a fitness instructor and that she had strongly suggested to her superiors that they obtain an AED. Mr. Coleman is believed to be the husband of Ms. Klein and appears to have been present at the gym on January 21, 2002, based on a handwritten calendar with the word "AL" inscribed near the top of the page. According to The Fitness Company's roster of employees, there are no other employees listed with the initials "A.L." or with names beginning with the letters "Al." Counsel for The Fitness Company does not dispute that it failed to identify these persons in response to this Interrogatory and that it should have done so.

Due to its failure to identify *all* persons having information relevant to the incidents and allegations in the pleadings, The Fitness Company is prohibited from using as evidence at trial, at a hearing, or on a motion any person not disclosed in its response to Interrogatory No. 4, although it may cross-examine any unidentified person called as a

witness by Mrs. Abston without the right to call any rebuttal witnesses who were not identified in its response to this Interrogatory.

3. The Fitness Company failed to respond adequately to Interrogatory No. 7, which stated:

Please state the details of every communication in which you participated, before January 21, 2002, in which was discussed the possibility of placing a defibrillator in any fitness facility with which you are affiliated, including in you [sic] answer the time, date and medium of each communication, all, [sic] participants in each communication, and the substance of each communication.

In its supplemental response, The Fitness Company referred Mrs. Abston to its production of e-mail alerts and internal e-mails regarding this topic. Therefore, except for the documents referred to in response to this Interrogatory, The Fitness Company is prohibited from using as evidence at trial, at a hearing, or on a motion any information concerning a pre-January 21, 2002, communication involving The Fitness Company in which the possibility of placing an AED in a fitness facility was discussed. The Fitness Company is deemed to have participated in no other communications regarding this topic, except that Mrs. Abston may use evidence of any unidentified communications and The Fitness Company may cross-examine any witnesses called by Mrs. Abston on that subject without the right to call any rebuttal witnesses.

4. The Fitness Company failed to respond adequately to Interrogatory No. 12, which stated, "Please describe in detail all contacts you have had with Mr. Derwin Abston, including in your answer the dates of each contact, the reason for each contact, the substance of each contact (i.e., what you said to Mr. Abston and what he said to you), and the result of each contact." The Fitness Company disclosed that its records indicated that Mr. Abston had "checked in at the front desk on 18 occasions" and had "purchased a session with a personal trainer on December

17, 2001." It also attached an attendance report for Ms. Kockler.[2] In its supplemental response, The Fitness Company admitted that "[i]t is possible that Mr. Abston had contacts with [The Fitness Company] that are not documented on the provided materi al[,]" apparently in the belief that such a disclaimer is the equivalent to a full response.

The Fitness Company is prohibited from using as evidence at trial, at a hearing, or on a motion any information concerning any contact that it had with Mr. Abston beyond the fact that he checked in at the front desk on 18 occasions and purchased a session with a personal trainer on December 17, 2001. This prohibition includes any discussions The Fitness Company might have had with Mr. Abston concerning a waiver or other agreements, although The Fitness Company may admit into evidence any actual written agreements. If Mrs. Abston uses information concerning an unidentified contact between The Fitness Company and Mr. Abston, The Fitness Company may cross-examine any witnesses called by Mrs. Abston on that subject without the right to call any rebuttal witnesses.

5. The Fitness Company failed to respond adequately to Interrogatory No. 13, which stated, "Please state the substance of every discussion concerning the events described in the pleadings that you or others in your presence have had. Include in your answer the date and location of each discussion and the identity of all persons who were present during the discussions." The Fitness Company answered that it was unable to provide any detail because the meetings were informal. It attached a telephone log maintained by Ms. Bucci, which noted her telephone contacts. Based on this unsatisfactory response, The Fitness Company is prohibited from using as evidence at trial, at a hearing, or on a motion any information concerning discussions of the events described in the pleadings that its employees or others in their presence had.

---

2. The Fitness Company intended to attach an attendance report for Mr. Abston, but claims that it accidentally attached a report for Ms. Kockler.

It is unclear whether The Fitness Company has yet produced an attendance report for Mr. Abston.

6. The Fitness Company failed to respond adequately to Interrogatory Nos. 17, 18, and 19. Interrogatory No. 17 stated, "Please describe in detail all actions undertaken by you in the five years before January 21, 2002[,] with the intent to educate your employees in or keep your employees current in fitness industry trends, standards, and innovations as they relate to exercise facility safety." The Fitness Company stated that it conducted monthly in-house employee fitness meetings and monthly regional personal training meetings, without giving any details beyond these bare facts.

Interrogatory No. 18 stated, "Please describe in detail any formal training in the areas of fitness instruction and/or emergency response you provided as of January 21, 2002[,] to each Gym employee on January 21, 2002, specifying which training had been provided to each individual employee." The Fitness Company responded to this Interrogatory by referring to its response to Interrogatory No. 17.

Interrogatory No. 19 stated:

Please describe in detail all actions taken by you in the three years before January 21, 2002, insofar as they have impacted or related to the Gym, to practice any and every plan for response to a medical, [sic] emergency, specifying in your answer what plan was practiced and identifying all participants in the practice.

The Fitness Company informed Mrs. Abston only that "[e]mployees were instructed on emergency procedures during some of the meetings described in Answer 17." Defendant's Supplemented Answers to Interrogatories at 12. It claimed that it could not give additional information because the meetings were informal.

Due to these cursory responses, The Fitness Company is prohibited from using as evidence at trial, at a hearing, or on a motion any information concerning (1) actions taken by it in the five years before the alleged incident with the intent to educate its employees or keep its employees current in fitness industry trends, standards, and innovations as they relate to exercise facility safety; (2) formal training in the areas of fitness instruction and/or emergency re-

sponse that it had provided as of the date of the alleged incident to each of its employees; and (3) all actions taken by it in the three years before the alleged incident to practice any plan for responding to a medical emergency. The Fitness Company, however, may state *in verbatim* its responses to Interrogatory Nos. 17 and 19.

7. The Fitness Company failed to respond adequately to Interrogatory No. 20, which stated, "Please state the qualifications of every Gym employee as of January 21, 2002[,] for his/her position, including in your response a description of each employee's formal or informal training and the dates of that training." The Fitness Company gave information for only six employees and provided no date for Ms. Klein's CPR certification. Therefore, The Fitness Company is prohibited from using as evidence at trial, at a hearing, or on a motion any information concerning the qualifications of its employees, except to the extent disclosed in its response to Interrogatory No. 20. Because The Fitness Company failed to state the date of Ms. Klein's CPR certification, her CPR certification is deemed not to be current as of January 21, 2002, and no evidence to the contrary (documentary or testimonial) will be allowed.

■ 8. The Fitness Company's repeated discovery abuses have caused Mrs. Abston, through her counsel, to waste significant amounts of time and money. Therefore, The Fitness Company will pay all of Mrs. Abston's reasonable expenses, including attorney's fees, incurred in this discovery dispute. Mrs. Abston's counsel will file with the Court an affidavit swearing to and describing the time expended on this matter by any attorneys and staff, their billing rates, and administrative costs. This affidavit will be filed with the Court within fourteen (14) days from the date of this Order. Thereafter, the Court will review the affidavit and issue an Order directing The Fitness Company to pay a specific dollar amount to Mrs. Abston.

## III. CONCLUSION

For all of these reasons, the Court will grant in part and deny in part Mrs. Abston's

Motion to Compel and her Motion to Treat as Conceded. An Order will accompany this Memorandum Opinion.

## ORDER

For the reasons set forth in the Memorandum Opinion that accompanies this Order, it is hereby

**ORDERED** that Plaintiff's Motion to Compel and for Sanctions and Expenses is **GRANTED** in part and **DENIED** in part. It is

**FURTHER ORDERED** that Plaintiff's Motion to Treat as Conceded Plaintiff's Motion to Compel and for Sanctions and Expenses is **GRANTED** in part and **DENIED** in part. It is

**FURTHER ORDERED** that all of Plaintiff's Requests for Admissions are deemed admitted pursuant to Federal Rule of Civil Procedure 36. The Court will not entertain any defenses to these admissions. It is

**FURTHER ORDERED** that Defendant is prohibited from using as evidence at trial, at a hearing, or on a motion any person not disclosed in its response to Interrogatory No. 4, although it may cross-examine any unidentified person called as a witness by Plaintiff without the right to call any rebuttal witnesses who were not identified in its response to this Interrogatory. It is

**FURTHER ORDERED** that, except for the documents referred to in response to Interrogatory No. 7, Defendant is prohibited from using as evidence at trial, at a hearing, or on a motion any information concerning a pre-January 21, 2002, communication involving Defendant in which the possibility of placing an AED in a fitness facility was discussed. Defendant is deemed to have participated in no other communications regarding this topic, except that Plaintiff may use evidence of any unidentified communications and Defendant may cross-examine any witnesses called by Plaintiff on that subject without the right to call any rebuttal witnesses. It is

**FURTHER ORDERED** that Defendant is prohibited from using as evidence at trial, at a hearing, or on a motion any information concerning any contact that it had with Derwin Abston beyond the fact that he checked in at the front desk on 18 occasions and purchased a session with a personal trainer on December 17, 2001. This prohibition includes any discussions Defendant might have had with Mr. Abston concerning a waiver or other agreements, although Defendant may admit into evidence any actual written agreements. If Plaintiff uses information concerning an unidentified contact between Defendant and Mr. Abston, Defendant may cross-examine any witnesses called by Plaintiff on that subject without the right to call any rebuttal witnesses. It is

**FURTHER ORDERED** that Defendant is prohibited from using as evidence at trial, at a hearing, or on a motion any information concerning discussions of the events described in the pleadings that its employees or others in their presence had. It is

**FURTHER ORDERED** that Defendant is prohibited from using as evidence at trial, at a hearing, or on a motion any information concerning (1) actions taken by it in the five years before the alleged incident with the intent to educate its employees or keep its employees current in fitness industry trends, standards, and innovations as they relate to exercise facility safety; (2) formal training in the areas of fitness instruction and/or emergency response that it had provided as of the date of the alleged incident to each of its employees; and (3) all actions taken by it in the three years before the alleged incident to practice any plan for responding to a medical emergency. Defendant, however, may state *in verbatim* its responses to Interrogatory Nos. 17 and 19. It is

**FURTHER ORDERED** that Defendant is prohibited from using as evidence at trial, at a hearing, or on a motion any information concerning the qualifications of its employees, except to the extent disclosed in its response to Interrogatory No. 20. Because Defendant failed to state the date of Risa Klein's CPR certification, her CPR certification is deemed not to be current as of January 21, 2002, and no evidence to the contrary (documentary or testimonial) will be allowed. It is

**FURTHER ORDERED** that Defendant will pay all of Plaintiff's reasonable expenses, including attorney's fees, incurred in this discovery dispute. Plaintiff's counsel will file with the Court an affidavit swearing to and describing the time expended on this matter by any attorneys and staff, their billing rates, and administrative costs. This affidavit will be filed with the Court within fourteen (14) days from the date of this Order. Thereafter, the Court will review the affidavit and issue an Order directing Defendant to pay a specific dollar amount to Plaintiff.

**SO ORDERED.**